**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **IN RE:** | **SOUTHERN MOTION INC.** | **CASE NO. 26-13155-JDW** |
| | **DEBTOR IN POSSESSION** | **CHAPTER 11** |

---

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY CERTAIN PRE-PETITION CLAIMS OF CRITICAL VENDORS [DKT. 8]**

---

**COMES NOW**, Kevin M. Epstein, United States Trustee for Region 5 ("UST"), by and through undersigned counsel, and files this Objection to Debtor's Emergency Motion for Order Authorizing Debtor to Pay Pre-Petition Claims of Critical Vendors (DKT. 8) in the above styled and numbered cause, and in support thereof respectfully submits the following:

1.

On August 31, 2026, Debtor, Southern Motion Inc. filed a voluntary petition under chapter 11 of the Bankruptcy Code. On August 31, 2026, Debtor filed its Emergency Motion for Order Authorizing Debtor to Pay Pre-Petition Claims of Critical Vendors (DKT. 8), the hearing for which is set on September 2, 2026.

2.

The Emergency Motion seeks to authority to pay unnamed critical vendors a total of $3,400,000 related to Debtor's furniture manufacturing business.

3.

The bankruptcy court in the Southern District of Mississippi rendered an opinion denying the payment of critical vendors in the matter of *In re Pioneer Health Services, Inc.*, 570 B.R. 228 (Bankr. S.D. Miss. 2017). The opinion in *Pioneer* relies heavily on *In re CoServe, LLC*, 273 B.R.

487 (Bankr. N.D. Tex. 2002) which formulated a three-part test to determine whether a vendor should be categorized as critical. *Pioneer*, 570 B.R. at 234. Specifically, the test in *CoServe* is as follows:

> **First**, it must be critical that the debtor deal with the claimant. **Second**, unless it deals with the claimant, the debtor risk the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. **Third**, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id*. (citing *CoServe* at 498). (Emphasis added). The first part of the test requires that the vendor be "indispensable to profitable operations or preservation of the estate". *Id*. (citing *CoServe* at 498). The second part of the test requires that the debtor to establish "that meaningful economic gain to the estate or the going concern value of the business will result or that serious economic harm will be avoided through payment of the prepetition claim, which itself is materially less than the potential loss to the estate or business". *Id*. (citing *CoServe* at 498-99). The third part of the test takes into consideration that payment of the claim may not be the only resolution; that there may be other means by which relief may be obtained. *Id*. (citing *CoServe* at 499).

4.

Additionally, the Seventh Circuit case of *In re Kmart Corp.*, 539 F.3d 866 (7th Cir. 2004) also took a restrictive view of allowing critical vendor payments, particularly when there was little supporting evidence and noting that § 105(a) does not grant the court discretion to set aside the Code's rules of priority and distribution; that this section is to be used to implement the Code and not to override it. *Id*. at 234-235 (citing *Kmart* at 871). The court in *Kmart* considered that § 363(b)(1) may justify payments to critical vendors under the following limited circumstances:

> Those circumstances would exist if there was sufficient evidence that: (1) the payments are necessary for a successful reorganization,

> (2) the disfavored unsecured creditors will be as well off with reorganization as with liquidation, and (3) the critical vendors would cease doing business with the debtor if the payments are not made.

*Id*. at 235 (citing *Kmart* at 872-74).

5.

The UST asserts the Debtor's motion does not meet the test of *CoServe* or the limited circumstances of *Kmart*.

6.

Of utmost concern is the debtor's failure to identify critical vendors not to mention vendors who would meet the qualifications as set out in *CoServe* or *Kmart.* It clearly appears that the motion is premature at this stage, as is evidenced by language in the motion, particularly in paragraph 16:

> "Southern Motion requests authority, pursuant to the Order, to engage in discussions with potential Critical Vendors regarding the validity and amount of their claims and to determine whether they qualify as Critical Vendors."

In addition to failure to identify critical vendors, the debtor has not filed schedules or other bankruptcy documents to identify creditors who may qualify as such. At the hearing on this Motion, the UST requests specific information as to name the critical vendor, provide those services performed by each listed vendor and why that vendor is critical to the Debtor's daily operations and to its reorganization as well as whether Debtor will suffer a harm disproportionate to the vendors' pre-petition claims, or that there is no other legal or practical alternative but to pay the vendors if Debtor wishes to continue to do business with them. The UST also requests to see any evidence that the vendors will, in fact, cease doing business with the Debtor unless they are paid.

7.

The Motion seeks to pay vendors a combined total of $3,400,000. However, has failed to name a critical vendor and/or provide justification for paying any such creditor in front of other creditors with like claims. Furthermore, the Debtor has not provided any financials thus far to indicate money on hand to pay vendors. The debtor is currently seeking post petition financing via a factoring agreement on its accounts receivables and a deed of trust requiring a super priority lien to the lender. *See* DKT. 34.

8.

The UST reserves the right to provide additional objections to the Debtor's Emergency Motion for Order Authorizing Debtor to Pay Pre-Petition Critical Vendors at the hearing on this matter.

WHEREFORE, PREMISES CONSIDERED, the UST prays that the Debtor's Motion to Pay Critical Vendors be denied. The UST further prays for all general and equitable relief to which entitled.

RESPECTFULLY SUBMITTED, this the 1st day of September 2026.

KEVIN M. EPSTEIN
United States Trustee
Region 5, Judicial Districts of
Louisiana and Mississippi

By: */s/Sammye S. Tharp*
SAMMYE S. THARP

SAMMYE S. THARP, TRIAL ATTORNEY,
U.S. TRUSTEE, REGION 5
UNITED STATES DEPARTMENT OF JUSTICE
501 EAST COURT STREET, SUITE 6-430
JACKSON, MISSISSIPPI 39201
TEL: (601) 965-4142
EMAIL: sammye.s.tharp@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served this day on the below named individual(s) via first class U.S. Mail at the address listed below or by Notice of Electronic Filing via the email address on file with the Court's CM/ECF system:

Evan N. Parrott, Esq.
*Counsel for Debtor*

DATED, this the 1st day of September 2026.

*/s/Sammye S. Tharp*
SAMMYE S. THARP