**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

**IN RE: SOUTHERN MOTOIN INC.** **CASE NO.: 26-13155**

**DEBTOR(S) IN POSSESSION** **CHAPTER 11**

---

# THE UNITED STATES TRUSTEE'S RESPONSE TO EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I)AUTHORIZING DEBTOR TO OBTAIN SECURED POST-PETITION FINANCING THROUGH ENTRY INTO FACTORING AGREEMENT, (II) AUTHORIZING USE OF CASH COLLATERAL, AND (III) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE CLAIMS [DKT 34]

---

**COMES NOW**, Kevin M. Epstein, United States Trustee for Region 5 ("UST"), by and through undersigned counsel, and files this Response to the debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to Obtain Secured Post Petition Financing through Entry into Factoring Agreement, (II) Authorizing Use of Cash Collateral, and (III) Granting Liens and Superpriority Administrative Claims [DKT. 34] in the above styled and numbered cause, and in support thereof respectfully submits the following:

I.

The debtor filed this voluntary petition for relief pursuant to Chapter 11 on August 31, 2026. The debtor filed this Emergency Motion for Post Petition Financing on September 1, 2026 [DKT. 34] with a hearing scheduled for September 2, 2026.

II.

In the emergency motion, the debtor requests authorization to obtain secured postpetition financing in the form of a factoring agreement for $5,000,000 to $6,000,000 while also granting priming liens and superpriority administrative claims with respect to the financing.[1]

III.

Along with the motion, the debtor is seeking an expedited hearing and shortened notice period for interim relief along with limited noticing.

IV.

This case having been filed on August 31, 2026, no official committee of unsecured creditors has been appointed.

V.

Bankruptcy schedules or statements have not been filed. The debtor has made a request to extend the court's deadline of September 14, 2026 to file the schedules and statements for an additional thirty days for a total of forty five days from the date of relief.[2]

---

[1] Along with the superpriority and priming lien, the factoring agreement provides for purchase of the debtor's accounts receivables.

[2] UST will be filing a response to the motion due to its requirements under Rule 2003(a)(1)(A) of the FRBP to hold meetings no later than forty days from the order for relief. Allowing the requested extension date will be on or after the date the UST will be required to schedule the 341 meeting.

VI.

There has been no Initial Debtor Interview by the UST nor has a § 341 meeting of creditors been held in this case.

VII.

The debtor has provided little to no information about the Lender "Porter Capital Corporation." Although there are representations in the motion that the debtor has no prior connections with the lender, no other information is provided to ensure this is an arms length transaction.

VIII.

There does not appear to be a clear showing as required by 11 U.S.C. 364(d)(1) of an inability to obtain credit elsewhere.

IX.

The motion clearly inappropriately requires 11 USC § 506(c) waivers.

IX.

There is no provision for an investigatory period for parties of interest or committee member regarding validity, perfection or priority of prepetition liens that bind the estate as required by Local Rule 4001.1(b)(1)(B)(ii).

X.

There is language in the motion, proposed interim order and security agreement which purport to bind successor chapter 11 or 7 trustee regarding the agreement which does not comply with the requirements of Local Rule 4001.1(b)(1)(B)(viii).

XI.

The default provisions and noticing thereof are not included in the motion and are inconsistent in the financing agreements. *See* DKT. 34-3, page 10, ¶ 5 and page 16, ¶ 11.

XII.

There is not proper disclosure of lender's fees, particularly attorney fees and expenses relative to the financing agreement. There appears to be a reference to $250,000 increments in the financing agreement, page 4, first paragraph, for the originating and exit fees that is not mentioned in the motion.

XIII.

The proposed budget and carve out for UST fees does not include fees due and payable for the quarter ending September 30, 2026 and total fees allowed for the entire budget may not cover the actual amount due, as required by 28 U.S.C. §1930(a)(6)(A).

XIV.

Total attorneys fees for the creditor committee of $80,000 in the proposed budget is insufficient to allow adequate representation for the committee. Additional monies should be allowed in the carve out for payment of attorneys fees for the committee.

XV.

Any emergency relief provided for post petition financing shall comply with the requirements of Rule 4001(b)(2) and grant relief only to such extent to avoid immediate and irreparable harm pending a final hearing of this matter.

XVI.

The UST reserves all rights to raise additional objections and concerns at the interim

hearing on this matter and prior to or at any final hearing.

WHEREFORE, PREMISES CONSIDERED, the UST submits this Response to the debtor's Emergency Motion for Entry of Interim and Final Orders (1) Authorizing Debtor to Obtain Secured Post Petition Financing through Entry into Factoring Agreement, (II) Authorizing Use of Cash Collateral, and (III) Granting Liens and Superpriority Administrative Claims [DKT. 34] and prays that the court will enter an order sustaining the UST's response.

The UST further prays for such other general and equitable relief to which entitled.

Respectfully submitted,

Kevin M. Epstein,
United States Trustee
Region 5, Judicial Districts
of Louisiana and Mississippi

By: */s/ Sammye S. Tharp*
Sammye S. Tharp,
Trial Attorney

Sammye S. Tharp, Trial Attorney
U.S. Trustee, Region 5
501 E.Court Street, Suite 6-430
Jackson, MS 39201
Facsimile: 601-965-5226
Telephone: 601-965-4142
MS Bar #10016

## CERTIFICATE OF SERVICE

I, Sammye S. Tharp, Trial Attorney for the U.S. Trustee, do hereby certify that I have, this day, mailed, postage prepaid, and/or via CM/ECF a true and correct copy of the foregoing response to:

Evan N. Parrott, Esq.
*Counsel for the debtor*

This the 1st day of September 2026.

*/s/ Sammye S. Tharp*
Sammye S. Tharp